## STATE OF WISCONSIN ON THE RELATION OF BOLENS *v.* FREAR, SECRETARY OF STATE OF THE STATE OF WISCONSIN.

### ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 447. Motion to dismiss submitted December 15, 1913.—Decided January 5, 1914.

In this case this court follows the construction given by the highest court of the State to the provisions of the state constitution in regard to its jurisdiction of cases in which the State is a party or which are brought by the consent of the State on the relation of an individual.

Where the relator has no authority to sue except by consent of the State, and he is a mere agent for calling judicial authority into activity for protection of general public rights, and not for redress of individual wrongs, the State is the real party plaintiff and the relator has no power without its consent to prosecute error to this court.

Where, in such a case, the State does not consent that the relator prosecute error the writ will be dismissed; the case is not within Rev. Stat., § 709 (Judicial Code, § 237), and this court has not jurisdiction.

The fact that this court has authority under § 237, Judicial Code, to decide a legal question in a case where jurisdiction exists, does not give it power to decide that question in a case where jurisdiction does not exist.

Where jurisdiction does not exist this court will not pass upon the questions involved so that in future cases involving those questions the state court may be guided by the views expressed by this court thereon.

Writ of error to review 148 Wisconsin, 456, dismissed.

THE facts, which involve the jurisdiction of this court of a writ of error to review the judgment of a state court against a relator who is not the agent of the State, and who has without authority of the State sued out the writ of error, are stated in the opinion.

*Mr. W. C. Owen,* Attorney General of the State of Wisconsin, *Mr. George G. Greene* and *Mr. J. E. Dodge* for defendants in error in support of the motions.

*Mr. Paul D. Carpenter* for plaintiff in error in opposition to the motions.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Attorney General of the State of Wisconsin by direction of the Governor of the State moves to dismiss on the ground that the State is the real party in interest, because Bolens, the relator, personally, was in the court below the mere agent of the State, devoid of all authority to prosecute this writ of error and thereby to implead the State in this court without its consent. Indeed, the motion to dismiss in a strict sense is a motion to quash the writ of error on the ground that no writ was ever sued out, and that in effect there is no judgment below to which the writ could be directed since the State, which was the party plaintiff and the officers of the State who were the defendants, both acquiesced in and have executed the judgment.

The decree to which the writ of error is directed was rendered on a demurrer to the petition filed in the Supreme Court of Wisconsin by Bolens, as relator, asking the court as. a matter of original cognizance to enjoin the putting in force of a state law creating a new system of state taxation described as "progressive income taxation." 148 Wisconsin, 456. We accept a statement contained in the argument of the plaintiff in error concerning the nature of the original jurisdiction of the court below:

"The Constitution of the State of Wisconsin confers original jurisdiction upon the Supreme Court of the State to issue writs of injunction and other original and remedial writs and to hear and determine the same. (Art. VII,

Sec. 3.) This clause gives full jurisdiction to the state Supreme Court over any question *quod ad statum reipublicæ partinet,* affecting the 'sovereignty of the State, its franchises or prerogatives or the liberties of its people.' Such action is to be brought originally in the state Supreme Court and may be instituted by the Attorney General, acting on his own initiative or acting on the petition of a citizen; or if he refuses to act on the petition of a citizen, then the citizen may on notice apply to the Supreme Court for permission to bring the action for the State in the name of the Attorney General, and the Court may refuse or grant such permission."

Further, we adopt a statement in the argument for the plaintiff in error as to the grievances which it was deemed required judicial redress and the steps taken which were exacted by the state statute as prerequisite to obtain an exertion by the court of its original jurisdiction:

"Harry W. Bolens presented his petition to the then Attorney General of Wisconsin, setting up that the Wisconsin Income Tax Law, Chapter 658 of the Laws of Wisconsin for 1911, is wholly null, void and of none effect for that it violates numerous sections of both state and Federal Constitutions, most of these objections being set out in detail, followed by an omnibus allegation; and praying that for the wrongs complained of and for the protection of himself and all others similarly situated, and for the protection of all the taxpayers of the State against the threatened invasion of their rights and liberties, and forasmuch as all said persons are remediless in the premises without the interposition of the state Supreme Court, that the Attorney General move the Court for leave to bring the action designed 'so as fully to protect and secure the said rights and privileges guaranteed to the people of this State by the Constitution of the United States and the amendments thereto and the Constitution of the State of Wisconsin and the amendments thereto.'"

The Attorney General refusing to comply with the request, the Supreme Court, on motion of the relator, ordered the petition to be filed without prejudice to thereafter considering whether there was jurisdiction to entertain it. Subsequently the court overruled a demurrer challenging its original jurisdiction and moreover held on a demurrer addressed to the merits that the petition stated no ground for the relief which was prayed. The court in so doing defined the nature of the power possessed by it as a matter of original jurisdiction to hear and determine the case made by the petition.

It said, 148 Wisconsin, p. 500:

"This transcendent jurisdiction is a jurisdiction reserved for the use of the State itself when it appears to be necessary to vindicate or protect its prerogatives or franchises or the liberties of its people. The State uses it to punish or prevent wrongs to itself or to the whole people. The State is always the plaintiff, and the only plaintiff, whether the action be brought by the Attorney General, or, against his consent, on the relation of a private individual under the permission and direction of the court. It is never the private relator's suit. He is a mere incident. He brings the public injury to the attention of the court, and the court, by virtue of the power granted by the Constitution, commands that the suit be brought by and for the State. The private relator may have a private interest which may be extinguished (if it be severable from the public interest); yet still the State's action proceeds to vindicate the public right." Contrasting the authority thus possessed by virtue of its original jurisdiction with the ordinary processes for the redress of private wrongs the court said: "These propositions, if correct, and we believe they are, demonstrate very clearly that there can be no such thing as a tax payer's action (as that action is known in the circuit courts) brought in the Supreme Court within the original jurisdiction."

Referring to such a tax-payer's suit, the court observed (p. 501):

"The tax payer himself is the actual party to the litigation, and represents not the whole public, nor the State, nor even all the inhabitants of his municipality, but a comparatively limited class, namely, the citizens who pay taxes. In short, he sues for a class. No such thing is known in the exercise of the original jurisdiction of this court. In actions brought within that jurisdiction the State is the plaintiff and sues to vindicate the rights of the whole people."

Applying these doctrines, it was said (p. 501): "The *Bolens Case* (this case) cannot therefore be held to come within the original jurisdiction of this court, if it be a mere taxpayer's action."

After further pointing out the distinction between the right of an individual to sue in a trial court to enforce an individual right or redress a wrong and if aggrieved to prosecute error or appeal and the difference between the exertion on such error or appeal of authority to review and the extraordinary power exerted when original jurisdiction was invoked, the court came to consider the merits of the petition. In doing so it declared that because of the public nature of the controversy, it would confine attention solely to those matters which were addressed to the invalidity of the statute as a whole. In passing upon questions of that character propositions which asserted the statute to be repugnant to both the United States and state constitutions, were analyzed and held to be without merit. The petition was dismissed.

From this statement it is apparent that the motion of the State to dismiss is well-founded for the following reasons: (*a*) Because accepting the interpretation affixed by the court below to the state constitution and the resulting ruling as to the scope of its own original jurisdiction, it follows that the State was the only real plaintiff below,

since the relator had no authority to sue but by the consent of the State, and as its mere agent for the purpose of calling into activity judicial authority, not for the redress of individual wrong, but for the protection of general public rights; (*b*) because the suit, having been brought by the consent of the State in its behalf, the relator had no power, without the consent of the State, to prosecute error, and thus to implead the State without its consent; (*c*) because as the relator did not resort to the methods provided by law for the enforcement of his individual rights, if any, but elected solely to resort, by the consent of the State, to a jurisdiction given only for the redress of general public wrongs, he may not, by means of a writ of error, directed from this court, transform the nature of the proceedings and secure at the hands of this court, under the guise of an appellate proceeding, the exertion of authority to originally determine alleged grievances which were not passed upon by the court below and are not within the scope of Rev. Stat., § 709 (Judicial Code, § 237). The argument that if, asserting his individual grievances, the case had been brought in a trial court and had been carried to the Supreme Court of the State from an adverse decision upon a Federal question the judgment or decree of the Supreme Court would be here reviewable, hence the decision in this case, to save circuity of action, should be now reviewable, amounts but to saying that because there is authority to decide a legal question in a case where there is jurisdiction, there must also be power to pass upon the same question when it arises in a case over which there is no jurisdiction. Under the ruling below no individual right of the relator was denied and because it may be inferred that if in the future a case asserting individual rights in due course of procedure comes to the court below, that court will be controlled or persuaded by the opinions expressed in this case, furnishes no ground for the exertion by this court in the

present case of a jurisdiction which it does not possess. Indeed, whether the case be considered in the light of the absence of any assertion of individual right or grievance on behalf of the relator or be looked at from the point of view that the suit was one under the state law which could only be brought by the permission of the State and for the protection of its governmental authority, the State being therefore the real party plaintiff, or if it be tested by the want of authority on the part of the relator by means of a writ of error to implead the State under the circumstances disclosed without its consent in this court, the want of jurisdiction is so conclusively shown by previous decisions as to leave no room for controversy (*Smith* v. *Reeves*, 178 U. S. 436).

*Dismissed for want of jurisdiction.*